# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| SAK GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO: |
| v. | ) |
| | ) |
| BLUE HILL HOSPITALITY, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

NOW COMES the Plaintiff, SAK Group, Inc. ("Plaintiff" or "SAK"), by and through its attorneys, Tolbert & Tolbert LLC, and for its Complaint against Defendant, Blue Hill Hospitality, Inc. ("Defendant" or "BLUE HILL"), alleging Trademark Infringement and Unfair Competition, states as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition under federal, state and common law. SAK brings this action because Defendant BLUE HILL is doing business in the United States under a confusingly similar name and trademark in violation of SAK's rights. SAK seeks to enjoin BLUE HILL's acts, to recover damages and BLUE HILL's profits, and to secure other relief, including attorneys' fees and costs.

## THE PARTIES

2. Plaintiff SAK is an Illinois corporation company having a principal place of business at 65N. River Lance, Geneva, Illinois 60134.

3. Defendant BLUE HILL is an Indiana company having a place of business at 805 Ridge Road, Munster, IN 46231.

## JURISDICTION AND VENUE

4. This action arises under the federal Lanham Act, 15 U.S.C. §§ 1051, et seq., and under the related law of the State of Indiana.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over SAK's state law claims because those claims are substantially related to SAK's federal Lanham Act claims.

6. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because SAK and Defendant are citizens of different states – namely, Illinois for SAK, and Indiana for BLUE HILL – and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant BLUE HILL, and venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendant BLUE HILL is doing business in this District, and a substantial part of the events giving rise to SAK's claims occurred in this District.

## GENERAL ALLEGATIONS

### SAK and Its Brand

8. SAK is a company that owns and operates three restaurants in the Chicago metropolitan area under the mark "Buttermilk Café," currently located in Vernon Hills, Geneva, and Naperville.

9. SAK's predecessor in interest had been using the Buttermilk Café mark in interstate commerce since as early as May, 2011.

10. SAK has obtained the following trademark registration, Registration No. 5,888,072, for its SAK marks in the United States. Copies of the TSDR printouts for the following United States federal registrations are attached as Exhibit A.

11. The existence of this valid and subsisting federal trademark registrations constitutes *prima facie* evidence of the ownership and validity of the SAK marks.

12. Moreover, Registration No. 5,888,072 is incontestable pursuant to 15 U.S.C. § 1065, which constitutes conclusive evidence of SAK's exclusive right to use its SAK marks for the products specified in those registrations pursuant to 15 U.S.C. §§ 1065 and 1115(b).

13. SAK has invested in its brand over the decade through a great amount of advertising in various forms of media.

14. Through its continuous use of the SAK brand for approximately 11 years, SAK has built up substantial goodwill in its SAK marks, and the relevant consumers have come to recognize SAK as the source for high-quality breakfast and lunch restaurants.

**BLUE HILL's Infringing Conduct**

15. Defendant BLUE HILL owns and operates a restaurant under the mark of "Buttermilk Pancake House"

16. Defendant BLUE HILL also uses the SAK mark on signs on and in its restaurant. On information and belief, BLUE HILL marks its menus and other items with the infringing mark.

17. SAK wrote to the President of BLUE HILL on March 10, 2022, notifying him of BLUE HILL's infringement of SAK's trademarks and the likelihood that customers would be confused, and asking for the infringement to stop immediately. On information and belief, despite that notice, BLUE HILL continued to use the name "Buttermilk Pancake House"

18. Both SAK and BLUE HILL use their respective marks in connection with restaurants that sell breakfast and lunch in a retail restaurant environment.

19. In all respects, SAK and BLUE HILL sell very similar goods and operate in the same channel of trade, and offer their goods and services to the same categories of consumers.

20. Defendant BLUE HILL's use of the SAK's. "Buttermilk Cafe" mark is identical in sound and connotation to SAK's registered SAK mark.

21. Defendant BLUE HILL's use of the SAK mark is likely to cause confusion, mistake, and deception as to the source or origin of BLUE HILL's infringing retail restaurant on one hand, and SAK's restaurants on the other, and is likely to falsely suggest a sponsorship, connection, affiliation, or association between BLUE HILL and/or its restaurant on the one hand and SAK's restaurants on the other, thereby injuring SAK and the public.

22. Defendant BLUE HILL's activities described above are without SAK's permission.

23. On information and belief, Defendant BLUE HILL's activities described above are willful.

24. Defendant BLUE HILL's activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm both to SAK and to consumers, who have an interest in being free from confusion, mistake, and deception.

25. SAK has a likelihood of prevailing on the merits, no adequate remedy at law, and will be irreparably harmed if Defendant BLUE HILL is permitted to use the SAK mark in the United States in connection with its restaurant.

**COUNT ONE**
**Federal Trademark Infringement Under**
**Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)**

26. SAK incorporates by reference each and every paragraph above as if re-stated herein.

27. SAK has invested significant effort and funds in marketing and promoting its restaurants' products under the SAK mark. As a result of substantial marketing and promotion for the significant sales of the SAK restaurants, consumers associate the famous SAK mark with a single restaurant group in the Chicagoland and Northern Indiana area.

28. Defendant BLUE HILL's infringing use of the SAK mark is confusingly similar to SAK's trademarks.

29. Defendant BLUE HILL's use of the mark in connection with the sale, offering for sale, distribution and advertising of its restaurant s is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Defendant BLUE HILL is misrepresenting and falsely describing to the general public the origin and source of its products sold under the infringing SAK mark in the Chicagoland and Northern Indiana area, and creating a likelihood of confusion by purchasers as to the source and sponsorship of such restaurants. As a result, SAK has a likelihood of prevailing on the merits.

31. As a direct and proximate result of the foregoing acts of BLUE HILL, SAK has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

32. Upon information and belief, Defendant BLUE HILL's acts were in conscious and willful disregard of SAK's rights, and the resulting damage to SAK is such as to warrant the trebling of damages in order to provide just compensation.

33. BLUE HILL's infringement described herein also irreparably harms SAK, and there is no adequate remedy at law. The balance of equities weighs in favor of an injunction.

## COUNT TWO
### Federal Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

34. SAK incorporates by reference each and every paragraph above as if re-stated herein.

35. By misappropriating, using and copying the SAK mark, Defendant BLUE HILL is misrepresenting and falsely describing to the general public and others the origin, sponsorship, or approval of its groceries and food products. Defendant BLUE HILL's use in commerce of the SAK mark in connection with its commercial activities is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of BLUE HILL with SAK, or as to the origin, sponsorship, or approval of BLUE HILL, its restaurant, its food products, and its commercial activities, by or with SAK, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). As a result, SAK has a likelihood of prevailing on the merits.

36. As a direct and proximate result of the foregoing acts of BLUE HILL, SAK has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

37. Upon information and belief, Defendant BLUE HILL's acts were in conscious and willful disregard of SAK's rights, and the resulting damage to SAK is such as to warrant the trebling of damages in order to provide just compensation.

38. BLUE HILL's activities described herein irreparably harm SAK, and there is no adequate remedy at law. The balance of equities weighs in favor of an injunction.

## COUNT THREE
### (Trademark Dilution)

39. SAK incorporates by reference each and every paragraph above as if re-stated herein.

40. The SAK mark is famous.

41. BLUE HILL adopted its infringing SAK FOOD MARKET mark after the SAK mark became famous.

42. The use of BLUE HILL's infringing SAK FOOD MARKET mark causes dilution of the SAK mark.

43. BLUE HILL's use of its infringing SAK FOOD MARKET mark is commercial and in commerce. As a result, SAK has a likelihood of prevailing on the merits.

44. BLUE HILL's dilution described herein irreparably harms SAK, and there is no adequate remedy at law. The balance of equities weighs in favor of an injunction.

## COUNT FOUR
## Violation of the Indiana Uniform Deceptive Trade Practices Act, 24-5-0.5-1

45. SAK incorporates by reference each and every paragraph above as if re-stated herein.

46. Defendant BLUE HILL's use in commerce of the SAK mark in connection with the sale, offering for sale, distribution and advertising of its restaurant and food products passes off goods and services as those of another; cause likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of the restaurant and goods sold therein; causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; and/or engages in other conduct that similarly creates a likelihood of confusion or misunderstanding. All such conduct is in violation of the Indiana Uniform

Deceptive Trade Practices Act, Indiana Code sections 24-5-0.5-1 through 24-5-0.5-12. As a result, SAK has a likelihood of prevailing on the merits.

47. As a direct and proximate result of the foregoing acts of Defendant BLUE HILL, SAK has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

48. Upon information and belief, Defendant's acts were in conscious and willful disregard of SAK's rights.

49. BLUE HILL's activities described herein irreparably harm SAK, and there is no adequate remedy at law. The balance of equities weighs in favor of an injunction.

## COUNT FIVE
## Trademark Infringement and Unfair Competition under Indiana Common Law

50. SAK incorporates by reference each and every paragraph above as if re-stated herein.

51. Defendant BLUE HILL's activities, described above, constitute common-law trademark infringement, misappropriation of the goodwill associated with SAK's marks, and constitute unfair competition in violation of Indiana common law.

52. Defendant BLUE HILL's use in commerce of the SAK mark in connection with the restaurant and sale of food products is likely to cause confusion, or to cause mistake, or to deceive consumers and the general public, to the detriment of SAK. As a result, SAK has a likelihood of prevailing on the merits.

53. BLUE HILL's activities described herein irreparably harm SAK, and there is no adequate remedy at law. The balance of equities weighs in favor of an injunction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff SAK, respectfully requests that this Honorable Court grant the following relief:

A. An Order holding that Defendant BLUE HILL's actions described above infringe SAK's mark, and that Defendant BLUE HILL's actions constitute trademark infringement, false designation of origin, passing off, and unfair competition under federal, state, and common law as detailed above;

B. An Order preliminarily and permanently enjoining BLUE HILL, its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

   i. From using the name "Buttermilk" or any other trademarks, trade names, logos, and other names or identifiers that are the same as or confusingly similar to the SAK marks, in any manner or form, in connection with any goods or services in the United States; and

   ii. From representing or suggesting, by any means whatsoever, directly or indirectly, that BLUE HILL, any food products and restaurants services offered by BLUE HILL, or any activities undertaken by BLUE HILL, are sponsored or approved by, or are associated, affiliated, or connected with SAK in any way.

   iii. An Order requiring Defendant BLUE HILL to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, and any other materials containing infringing marks and/or false claims in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives that are in use in the United States or which are designed to be used in the United States;

iv. An Order directing Defendant BLUE HILL to file with this Court and serve on SAK's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions;

v. An Order requiring Defendant BLUE HILL to account for and pay to SAK any and all profits arising from or related to BLUE HILL's unlawful acts and that such profits be increased in accordance with 15 U.S.C § 1117 and other applicable laws;

vi. An Order requiring Defendant BLUE HILL to pay SAK the full amount of damages caused by BLUE HILL's unlawful acts, and that such damages be trebled in accordance with 15 U.S.C. §1117 and other applicable laws;

vii. An Order requiring Defendant BLUE HILL to pay SAK its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

viii. Any other relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ Michael E. Tolbert*
Michael E. Tolbert, # 22555-64
Shelice R. Tolbert, #22522-45
Candace C. Williams, #34257-45
Tolbert & Tolbert, LLC
1085 Broadway, Ste. B
Gary, IN  46402
Ph:  219-427-0094
Fx:  219-427-0783
Attorneys for SAK

**JURY DEMAND**

SAK hereby demands a jury trial on all of its claims so triable

                    Respectfully submitted,

                    */s/ Michael E. Tolbert*
                    Michael E. Tolbert, # 22555-64
                    Shelice R. Tolbert, #22522-45
                    Candace C. Williams, #34257-45
                    Tolbert & Tolbert, LLC
                    1085 Broadway, Ste. B
                    Gary, IN  46402
                    Ph:  219-427-0094
                    Fx:  219-427-0783
                    Attorneys for SAK